**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SYDNEY M. MITCHELL, | |
| Plaintiff, | Case No. 18-cv-7739 |
| v. | |
| PHILIP MORRIS USA INC., *et al.* | Judge John Robert Blakey |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Sydney Mitchell claims he developed laryngeal cancer caused by smoking cigarettes. He sued Defendants Philip Morris USA Inc., RJ Reynolds Tobacco Company, Liggett Group LLC, Walgreen Co., 87th Food Basket, Inc. d/b/a Paradise Supermarket, Hollywood Food Market, Inc., and 87 South Rothschild Liquors, Inc. d/b/a Rothschild Liquor Marts in Cook County state court under various state-law causes of action. [1-1]. Several of the Defendants removed the action to this Court [1], but Plaintiff now moves to remand it back to state court [40]. For the reasons explained below, this Court grants Plaintiff's motion.

### I. Background

#### A. Procedural History

On October 18, 2018, Plaintiff filed his complaint in the Circuit Court of Cook County, Illinois. [1-1] at 3. The state court complaint names two sets of Defendants: (1) Philip Morris, Reynolds, and Liggett (collectively, the Manufacturer Defendants);

1

and (2) Walgreens, Paradise Supermarket, Hollywood Food Market, and Rothschild Liquor Marts (collectively, the Retailer Defendants). *Id.* Plaintiff is an Illinois citizen, *id.* at 16, and all three Manufacturer Defendants maintain citizenship in states other than Illinois, *id.* at 16–17. All of the Retailer Defendants, however, are Illinois citizens. *Id.* at 17–19.

On November 20, 2018, the Manufacturer Defendants removed the action to this Court. [1]. In their notice of removal, the Manufacturer Defendants asserted that this Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because there is complete diversity between Plaintiff, an Illinois citizen, and all properly joined Defendants—namely, the Manufacturer Defendants, who are all citizens of states other than Illinois. *Id.* at 4. The Manufacturer Defendants also asserted that the citizenship of the Retailer Defendants, who are all non-diverse from Plaintiff, should be disregarded because Plaintiff fraudulently joined them to this action. *Id.*

On December 20, 2018, Plaintiff moved to remand, arguing that he did not fraudulently join the Retailer Defendants, and thus that this case lacks complete diversity. [40]. Then, on January 3, 2019, Plaintiff amended his complaint. [52]. Plaintiff's amended complaint asserts claims only against the Manufacturer Defendants and Walgreens. *Id.* All remaining Defendants have moved to dismiss; their motions remain pending. [61] [64] [67].

B. **The Complaint's Allegations**

Plaintiff alleges that he smoked cigarette products designed, manufactured, advertised, market, distributed, and/or sold by Defendants. [1-1] at 16. He received

2

his laryngeal cancer diagnosis around October 2016, and claims that smoking cigarettes caused his cancer. *Id.* at 19.

Plaintiff brings an eight-count complaint. [1-1]. Counts I through VI, which Plaintiff brings against the Manufacturer Defendants, allege common law causes of action for: negligence (Count I); strict liability (Count II); fraudulent concealment and conspiracy to commit fraudulent concealment (Counts III and IV); and fraudulent misrepresentation and conspiracy to commit fraudulent misrepresentation (Counts V and VI). *Id.* at 32–56. Plaintiff asserts the remaining counts against only the Retailer Defendants: strict liability (Count VII); and negligence (Count VIII). *Id.* at 57–62.

## II. Legal Standard

### A. Motion to Remand

28 U.S.C. § 1332 requires complete diversity between a plaintiff and defendants, plus an amount in controversy exceeding $75,000. Because federal courts are courts of limited jurisdiction, the removal statute "should be construed narrowly and any doubts about the propriety of removing a particular action should be resolved against allowing removal." *Wirtz Corp. v. United Distillers & Vintners N. Am., Inc.*, 224 F.3d 708, 715 (7th Cir. 2000). The party seeking removal bears the burden of establishing federal jurisdiction, and courts resolve any doubt in favor of remand. *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758 (7th Cir. 2009).

In considering a motion to remand, courts examine the plaintiff's complaint at the time of the defendant's removal. *In re Burlington N. Santa Fe Ry. Co.*, 606 F.3d

3

379, 380 (7th Cir. 2010) ("The well-established general rule is that jurisdiction is determined at the time of removal, and nothing filed after removal affects jurisdiction."); *Matter of Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992) (noting that "jurisdiction is determined as of the instant of removal," without regard to any "post-removal amendment of the complaint."); *accord Caterpillar Inc. v. Lewis*, 519 U.S. 61, 62 (1996) (the removal statute requires that "the case be fit for federal adjudication at the time the removal petition was filed.").

## B. Fraudulent Joinder

Under the fraudulent joinder doctrine, a court considering removal may "disregard, for jurisdictional purposes, the citizenship of certain non-diverse defendants, assume jurisdiction over a case, dismiss the non-diverse defendants, and thereby retain jurisdiction." *Schur*, 577 F.3d at 763 (quoting *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999)). Courts find fraudulent joinder where the plaintiff asserts a claim against a non-diverse defendant "that simply has no chance of success, whatever the plaintiff's motives." *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992); *Walton v. Bayer Corp.*, 643 F.3d 994, 999 (7th Cir. 2011) (courts should find fraudulent joinder where a plaintiff brings an "utterly groundless" claim).

Defendants bear a "heavy burden" to establish fraudulent joinder. *Poulos*, 959 F.2d at 73. They must show that, after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the non-diverse defendant. *Id.* To find fraudulent joinder, courts must predict whether the plaintiff

4

has "any reasonable possibility" of recovering against the non-diverse defendant. *Id.*; *Schur*, 577 F.3d at 764.

## III. Analysis

Defendants argue that this Court should disregard Plaintiff's joinder of the Retailer Defendants under the fraudulent joinder doctrine because there is no reasonable possibility that Plaintiff could prevail against them on his negligence and strict liability claims. [60]. As discussed above, courts consider whether jurisdiction existed at the time of removal, *Burlington*, 606 F.3d at 380, so this Court looks to Plaintiff's original complaint [1-1] for its fraudulent joinder analysis.

### A. Strict Liability

Plaintiff's original complaint seeks to impose strict liability against the Retailer Defendants for distributing, marketing, promoting, and selling cigarettes, which Plaintiff claims were unreasonably dangerous and defective. [1-1] at 57–59.

Under Illinois law, "all entities in the distributive chain of an allegedly defective product, including manufacturers, sellers, wholesalers, distributors and lessors of the product, are strictly liable in product liability actions for injuries resulting from that product." *Murphy v. Mancari's Chrysler Plymouth, Inc.*, 887 N.E.2d 569, 574 (Ill. App. Ct. 2008); *Winters v. Fru-Con Inc.*, 498 F.3d 734, 745 (7th Cir. 2007). Illinois, however, provides a "seller's exception" statute, under which a court may dismiss a non-manufacturing defendant if that defendant files an affidavit certifying the correct identity of the manufacturer. 735 ILCS 5/2-621(a), (b). A plaintiff can only overcome dismissal if he shows one or more of three conditions: (1)

5

the defendant exercised "significant control" over the design or manufacture of the product; (2) the defendant had actual knowledge of the defect; or (3) the defendant created the defect. *Id.* § 5/2-621(c). Additionally, the seller's exception allows a plaintiff to vacate the dismissal, and reinstate, the non-manufacturing defendant if the plaintiff can satisfy one or more of certain conditions, such as that the manufacturer could not satisfy a reasonable settlement or judgment. *Id.* § 5/2-621(b).

Here, Walgreens submits an affidavit stating that it has never had any involvement in the design, manufacture, packaging, or labeling of cigarettes. [60-8].[1] Walgreens also attests that it had no actual knowledge of any defect in the cigarettes at issue. *Id.* The Manufacturer Defendants corroborated Walgreens' affidavit, asserting—by way of their own affidavits—that they never shared responsibility for, or control over, the design, manufacture, packaging, or labeling of its cigarettes with Walgreens or any of the other Retailer Defendants. [60-5]; [60-6]; [60-7].

Notwithstanding these affidavits, which counsel in favor of dismissal of the Retailer Defendants, the majority of courts in this district hold that "section 2–621 cannot be the basis for finding fraudulent joinder because any dismissal is merely conditional." *Kopitke v. Depuy Orthopaedics, Inc.*, No. 11-CV-912, 2011 WL 856865, at *3 (N.D. Ill. Mar. 8, 2011); *Whelchel v. Briggs & Stratton Corp.*, 850 F. Supp. 2d 926, 933 (N.D. Ill. 2012) (noting that the majority of courts find that naming a non-diverse defendant on a strict liability claim does not constitute fraudulent joinder, because a court may always vacate the dismissal of that defendant); *see also*

---

[1] None of the other Retailer Defendants had been served at the time of removal. [1] at 11–12.

*Kellerman v. Crowe*, 518 N.E.2d 116, 118 (Ill. 1987) (holding that an order granting dismissal under the seller's exception is non-final because it "does not dispose of the rights of the parties," but rather "contemplates the possibility of further action").

Based upon these authorities, this Court does not find that Plaintiff's strict liability claim has no reasonable possibility of success.

### B. Negligence

This Court also rejects the Manufacturer Defendants' argument that Plaintiff lacks any reasonable possibility of success on his negligence claim against the Retailer Defendants. *Contra* [60] at 26–30.

In Illinois, a "product liability action asserting a claim based on negligence . . . falls within the framework of common law negligence." *Winters*, 498 F.3d at 746 (quoting *Calles v. Scripto-Tokai Corp.*, 864 N.E.2d 249, 263 (Ill. 2007)). To prevail on a negligence claim, a plaintiff must establish that "the defendant owed him a duty, that the defendant breached this duty, and that he suffered an injury that was proximately caused by the defendant's breach." *Lewis v. CITGO Petroleum Corp.*, 561 F.3d 698, 702 (7th Cir. 2009); *First Springfield Bank & Tr. v. Galman*, 720 N.E.2d 1068, 1071 (Ill. 1999). The seller's exception does not apply to negligence claims. *Cassidy v. China Vitamins, LLC*, 89 N.E.3d 944, 955 (Ill. App. Ct. 2017).

In pleading his negligence claim against the Retailer Defendants, Plaintiff claims that they negligently distributed, marketed, promoted, and sold the cigarettes at issue, even though they knew or should have known the dangers associated with

7

the cigarettes. [1-1] at 60–62. Defendants advance several arguments to establish that Plaintiff cannot prevail on his negligence claim.

Defendants first argue that Plaintiff fails to allege sufficient facts supporting the element of duty. [60] at 26–29. They contend that none of the Retailer Defendants holds a fiduciary relationship with Plaintiff that would give rise to a legally cognizable duty. *Id.* at 28. This argument lacks merit, because Illinois law imposes a broad duty of care in the negligence context: every person or business "owes a duty of ordinary care to all others to guard against injuries which naturally flow as a reasonably probable and foreseeable consequence of an act, and such a duty does not depend upon contract, privity of interest or the proximity of relationship, but extends to remote and unknown persons." *Jones v. Live Nation Entm't, Inc.*, 63 N.E.3d 959, 971 (Ill. App. Ct. 2016) (quoting *Simpkins v. CSX Transp., Inc.*, 965 N.E.2d 1092, 1097 (Ill. 2012)). Accordingly, as a general matter, if a defendant engages in a course of action that creates a foreseeable risk of injury, then that defendant owes a duty to protect others from such injury. *Simpkins*, 965 N.E.2d at 1097.

Defendants also argue that the Retailer Defendants merely provided "shelf space" for the Manufacturer Defendants' cigarettes, and such conduct, by itself, cannot give rise to a cognizable duty. [60] at 28. In support, Defendants cite *Hale v. Bayer Corporation*, in which the district court found allegations that plaintiffs merely shopped at Walgreens "insufficient to bring a duty to Walgreens" in a negligence action claiming harm from taking over-the-counter Aleve. No. 15-CV-00745-JPG-

SCW, 2015 WL 5474298, at *3–4 (S.D. Ill. Sept. 16, 2015). But contrary to *Hale*, other courts have held that the "supplier of an unreasonably dangerous product may be liable for injuries proximately caused by the product in a negligence action." *Lewis v. Lead Indus. Ass'n, Inc.*, 793 N.E.2d 869, 872 (Ill. App. Ct. 2003); *see also*, *e.g.*, *Cadagin v. Johnson & Johnson*, No. 18-CV-1821-SMY-DGW, 2018 WL 5004716, at *3 (S.D. Ill. Oct. 16, 2018) (finding that the plaintiff did not fraudulently join Walgreens, who plaintiff claimed negligently sold and marketed baby powder).

Thus, there remains at least an open question as to whether merely providing "shelf space" gives rise to a duty of care under Illinois law. In the context of a fraudulent joinder analysis, this Court must construe issues of state law in the light most favorable to Plaintiff. *McNichols v. Johnson & Johnson*, 461 F. Supp. 2d 736, 742 (S.D. Ill. 2006); *cf. Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 853 (3d Cir. 1992) (courts should not find fraudulent joinder where they must conduct an "intricate analysis of state law" to find a claim non-actionable). Thus, at this point in the proceedings, this Court cannot preclude the reasonable possibility that Walgreens may owe a duty to Plaintiff.

Defendants next argue that Plaintiff fails to allege facts supporting proximate causation. [60] at 29–30. To be sure, Plaintiff pleads, in somewhat conclusory fashion, that the Retailer Defendants' sale of tobacco products caused Plaintiff's injuries. [1-1] at 62. But conclusory pleading, while fatal on a Rule 12(b)(6) motion, does not necessarily result in a finding of fraudulent joinder. *See Thornton v. Hamilton Sundstrand Corp.*, 121 F. Supp. 3d 819, 826 (N.D. Ill. 2014) (noting that

9

the fraudulent standard is even more favorable to the plaintiff than the standard under Rule 12(b)(6)), *aff'd sub nom. Thornton v. M7 Aerospace LP*, 796 F.3d 757 (7th Cir. 2015). Moreover, Illinois courts hold that proximate causation ordinarily presents a question of fact for a jury. *McKenna v. AlliedBarton Sec. Servs., LLC*, 35 N.E.3d 1007, 1020 (Ill. App. Ct. 2015); *Brobbey v. Enter. Leasing Co. of Chicago*, 935 N.E.2d 1084, 1095 (Ill. App. Ct. 2010). Accordingly, once again, at this early stage of litigation, this Court cannot foreclose Plaintiff's possibility of proving proximate causation against the Retailer Defendants.

Next, Defendants argue that the Federal Cigarette Labeling and Advertising Act preempts Plaintiff's negligence claim. [60] at 30. The Act provides: "No requirement or prohibition based on smoking and health shall be imposed under State law with respect to the advertising or promotion of any cigarettes the packages of which are labeled in conformity with the provisions of this chapter." 15 U.S.C. § 1334(b). Relying upon this provision, some courts find that the Act preempts state-law claims asserting failure-to-warn theories that requires plaintiffs to demonstrate that cigarette advertising or promotions should have included additional, or more clearly stated, warnings. *See Espinosa v. Philip Morris USA, Inc.*, 500 F. Supp. 2d 979, 983 (N.D. Ill. 2007) (quoting *Cipollone v. Liggett Grp., Inc.*, 505 U.S. 504, 524 (1992)). This Court, however, does not construe Plaintiff's claim so narrowly as to only encompass a failure-to-warn theory. Thus, even if the Act preempted Plaintiff's claim in part, it would not necessarily preclude any other negligence theories under which Plaintiff might attempt to proceed.

10

Finally, this Court addresses two cases upon which Defendants generally rely in support of their fraudulent joinder arguments. *See Clay v. Philip Morris USA Inc.*, No. 18-cv-3549, slip op. (N.D. Ill. Nov. 6, 2018) (Norgle, J.); Transcript of Oral Argument at 3–7, *Dowdle v. Philip Morris USA Inc.,* No. 18-cv-3554 (N.D. Ill. Oct. 24, 2018) (Alonso, J.). In these cases, judges in this district denied motions to remand, finding that plaintiffs asserting products liability claims against tobacco manufacturers had fraudulently joined Walgreens as a retailer. *See id.*

In both *Clay* and *Dowdle*, courts based their fraudulent joinder finding primarily upon their determination that the plaintiffs conclusorily pled their negligence allegations against Walgreens. *Clay*, slip. op. at 3; *Dowdle Tr.* at 6. But, as discussed above, conclusory pleading is not necessarily dispositive, because the fraudulent joinder analysis imposes a "heavy burden" upon the defendant, one "even more favorable to the plaintiff than the standard that applies to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." *Schur*, 577 F.3d at 764.

The court in *Clay* also found the absence of a duty inuring from a cigarette seller to its customers; it cited *Strang v. R.J. Reynolds Tobacco Company*, which noted "it is far from clear that Illinois would impose negligence liability on cigarette manufacturers simply because they made and sold a legal product . . . without any specific breach of ordinary care." No. 05 C 50108, 2008 WL 4951325, at *1 (N.D. Ill. Nov. 18, 2008) (quoting *DeLuca v. Liggett & Myers, Inc.*, No. 00 C 7781, 2003 WL 1798940, at *10 (N.D. Ill. Apr. 4, 2003)). *Strang*, however, only underscores that the law *remains unclear* as to whether Illinois recognizes a duty running from sellers to

11

customers in this context. As discussed above, where a case presents ambiguities in controlling state-law, courts must resolve all of those ambiguities in favor of remand. *Smith v. Merck & Co.*, 472 F. Supp. 2d 1096, 1101 (S.D. Ill. 2007); *see also Elftmann v. Vill. of Tinley Park*, 191 F. Supp. 3d 874, 878 (N.D. Ill. 2016) (courts should interpret the removal statute narrowly, "resolving any doubt in favor of the plaintiff's choice of forum in state court.") (quoting *Schur*, 577 F.3d at 758). Given this standard—and the degree of uncertainty in the Illinois courts—this Court cannot find that Plaintiff's negligence claim is "utterly groundless" for fraudulent joinder purposes. *Walton*, 643 F.3d at 999.

In short, this Court does not find that Plaintiff fraudulently joined the Retailer Defendants. Because the Retailer Defendants destroy complete diversity among the parties, this Court grants Plaintiff's motion to remand.

## IV. Conclusion

For the reasons explained above, Plaintiff's motion to remand [40] is granted. Defendants' motions to dismiss [61] [64] are denied as moot. The Clerk is directed to remand this case to the Circuit Court of Cook County. All dates and deadlines are stricken. Civil case terminated.

Dated: April 24, 2019

Entered:

*/s/ John Robert Blakey*
John Robert Blakey
United States District Judge